# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LISA K. BRYAN, #1216342, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0413-P |
| | ) | ECF |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Rather than submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner filed a letter motion seeking an extension of time to file a federal habeas petition on March 3, 2006. Liberally construed the letter motion requests an extension of the one-year statute of limitations. See 28 U.S.C. § 2244(d). Petitioner states that the Fifth District Court of Appeals affirmed her convictions on May 9, 2005, and that she is hoping to save enough money to hire an attorney to file state habeas applications pursuant to art. 11.07 of the Texas Code of Criminal Procedure.[1]

---

[1] The magistrate judge does not express any opinion as to when the one-year limitation period will expire.

Petitioner's motion for an extension of time of the one-year statute of limitations does not present a case or controversy. See Juidice v. Vail, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*); see also U.S. v. One 18th Century Colombian Monstrance, 797 F.2d 1370, 1374 (5th Cir. 1986); United States v. Cook, 795 F.2d 987, 994 (Fed.Cir.1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court).  Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'"  Cook, 795 F.2d at 994 (quoting Princeton University v. Schmid, 455 U.S. 100, 102 (1982)); see also North Carolina v. Rice, 404 U.S. 244, 246 (1971) (a federal court does not have the power "to decide questions that cannot affect the rights of litigants in the case before them.").

Petitioner is requesting an advisory opinion.  There is no adverse party before this Court. Nor is there a concrete dispute for this Court to decide.  The motion for extension of time in essence asks the Court to determine in advance how much time, if any, remains on the one-year period and whether a habeas petition will be timely or time-barred, if it is filed at some unspecified date in the future.  This Court cannot grant the relief requested without offending the Constitution's case or controversy requirement.[2]

---

[2] The Court cannot interpret Petitioner's letter motion as commencing a habeas corpus action.  Rule 2(c) and (d) of the Rules Governing Section 2254 Cases provides that an application for writ of habeas corpus shall be in the form of a petition, which specifies each ground for relief that is available to the petitioner and the factual basis for each ground for relief. Petitioner's motion only requests additional time to file a federal habeas petition and, thus, cannot be construed as the habeas corpus petition itself.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Petitioner's motion for an extension of time to file a federal habeas corpus petition be DISMISSED for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner.

Signed this 10th day of March, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.